**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x

| | |
|---|---|
| BAYSHORE CAPITAL ADVISORS, LLC, BCA ALTERNATIVE INCOME FUND, LP, and ROCKING T RANCH, LLLP, | : : : : |
| Plaintiffs, | : : |
| - against - | : : |
| CREATIVE WEALTH MEDIA FINANCE CORP., BRON CREATIVE CORP., BRON CREATIVE USA CORP., BRON STUDIOS, INC., BRON STUDIOS USA, INC., HUDSON VALLEY WEALTH MANAGEMENT, INC., JASON CLOTH, AARON L. GILBERT, CHRISTOPHER CONOVER, DAVID K. JONAS, and DOES 1-21, | : : : : : : : : : |
| Defendants. | : x |

Case No: 1:22-cv-1105

(Karas, K.).

**DECLARATION OF**
**KEVIN FRITZ**
**IN SUPPORT OF**
**MOTION TO DISMISS**

-------------------------------------------------------------------

      **KEVIN FRITZ**, an attorney duly admitted to practice law in the State of New York, declares pursuant to 28 U.S.C. § 1746 as follows:

      1.      I am a partner of the law firm of Meister Seelig & Fein LLP, attorneys for Defendants Hudson Valley Wealth Management, Inc. ("Hudson"), Christopher Conover ("Conover"), and David K. Jonas (collectively, the "Hudson Defendants") in the above-entitled action and am familiar with the facts and circumstances of this matter based upon personal knowledge and records maintained by my office.

      2.      I respectfully submit this declaration in support of the Hudson Defendants' motion for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing plaintiffs Bayshore Capital Advisors, LLC, BCA Alternative Income Fund, LP, and Rocking T Ranch, LLLP's ("Plaintiffs") First Amended Complaint as against the Hudson Defendants and for

such other and further relief as the Court deems just and proper.  Attached hereto as **Exhibit A** is

a true and correct copy of the First Amended Complaint ("FAC" or "Amended Complaint").

3.      In preparation of the Hudson Defendants motion to dismiss Plaintiffs' First

Amended Complaint, as against the Hudson Defendants, I reviewed the Amended Complaint.

4.      The Amended Complaint alleges that Defendants Creative Wealth Media Finance

Corp. ("Creative Wealth"), Bron Creative USA, Corp. ("Bron Creative"), Bron Studios, Inc.

("Bron Studios"), and Jason Cloth ("Cloth")[1] and the Hudson Defendants formed a RICO

Enterprise ("Enterprise") to fraudulently induce Plaintiffs and others to invest millions of dollars

into certain films produced by the Defendants Bron Studios USA, Inc., Bron Studios, and Aaron

L. Gilbert ("Gilbert" and collectively, the "Bron Defendants"): *Needle in a Timestack*; four films

co-produced with Lionsgate; and *Nightingale*.  FAC ¶¶ 1-5.

5.      The Amended Complaint references a pending litigation in this Court that Hudson

Private LP filed against Bron Studios and most of the Creative Wealth Defendants, which arises

out of the failure to repay Hudson Private LP millions of dollars loaned in connection with various

films: *Hudson Private LP v. Bron Studios USA, Inc. et al,* No. 7:21-cv-08259-CS.  Attached hereto

as **Exhibit B** is a true and correct copy of the lawsuit *Hudson Private LP v. Bron Studios USA,*

*Inc. et al,* No. 7:21-cv-08259-CS.

6.      The crux of Plaintiffs' allegations that the Hudson Defendants were part of the

alleged Enterprise is their conjecture that Creative Wealth allegedly "loaned" $18 million to

Hudson, which purportedly had lost money investing in various films produced by the Bron

Defendants, and that Creative Wealth and Hudson agreed that the so-called "loan" would be repaid

out of "commissions" earned by Hudson if it sourced capital for other Bron films, including capital

---

[1] Creative Wealth, Bron Creative, Bron Creative Corp. and Cloth are collectively referred to herein as the "Creative Wealth Defendants".

from Plaintiffs.  FAC ¶¶ 5, 86, 91-95, 211.  This theory is refuted by the written agreements entitled "Term Sheet: Purchase of Motion Picture Library" (the "Library Purchase Term Sheets"), which demonstrate that Creative Wealth *acquired* the interest of Hudson's affiliate (non-party Hudson Private LP) in other loans that financed specific films in which Plaintiffs *did not invest* (collectively, the "Other Films").  In other words, pursuant to the Library Purchase Term Sheets, Creative Wealth paid millions to *purchase* an interest in the Other Films.  There was no "loan" from Creative Wealth to Hudson (or its affiliate).  Attached hereto as **Exhibit C** are true and correct copies of the Library Purchase Term Sheets.

7.     On February 17, 2022, Hudson Private Corp. commenced an action in the Supreme Court, New York County, via motion for summary judgment in leiu of complaint, against Bron Creative based upon the latter's default under a promissory note in the principal amount of $5,000,000.00.  Attached hereto as **Exhibit D** are true and correct copies of the motion papers.  The action has been discontinued pursuant to a settlement agreement.

8.     On March 1, 2022, Hudson Private LP commenced an action in the Supreme Court, New York County, via motion for summary judgment in lieu of complaint, against Creative Wealth based upon the latter's default under a promissory note in the principal amount of $3,000,000.00.  Attached hereto as **Exhibit E** are true and correct copies of the motion papers.  Creative Wealth filed a Notice of Removal to this Court, and Hudson Private LP's motion to remand is pending.

9.     The Amended Complaint also references: (1) a 2019 lawsuit brought by investors against Creative Wealth, Bron and Cloth, (2) lawsuits brought by Premium Properties Limited and Colonia Truasco against Bron Creative, Cloth and Gilbert, among others; (3) a 2021 lawsuit that Preserver LP (the "Preserver Lawsuit") brought against Creative Wealth and Jason Cloth; (4) and other litigations.  None of the Hudson Defendants are parties to these lawsuits.  Furthermore, the

Hudson Defendants are not referenced in the pleadings and there is no indication that the Hudson Defendants were involved with the circumstances that gave rise to these litigations.   The abovementioned lawsuits are discussed in more detail below.

10.     On March 19, 2021, Preserver LLP commenced an action against Creative Wealth and Cloth arising from Creative Wealth and Cloth's breach of their contractual obligation to repay a loan relating to film financing.  The Hudson Defendants are neither named as defendants in this lawsuit nor mentioned anywhere in the pleadings.  Attached hereto as **Exhibit F** is a true and correct copy of the lawsuit *Preserver, LP v. Creative Wealth Media Finance Corporation and Jason Cloth,* No. 21-cv-2456.

11.     From September 2018 to July 2019, Premium Properties Limited, Colonia Trustco Inc and various other plaintiffs commenced actions against one or more of the following Defendants (among others), Cloth, Creative Wealth, Bron Creative, and Gilbert arising from Defendants' breach of various loan agreements and term sheets related to film financing (the "Premium Limited Lawsuits").  The Hudson Defendants are not defendants in these lawsuits. There is no allegation in the pleadings that the Hudson Defendants were involved in the alleged wrongdoing.

12.     Attached hereto as **Exhibit G** is a true and correct copy of the lawsuit *Premium Properties Limited, Colonia Trustco Inc., JAAM LTD, Corinthian Enterprises Inc. and MCFlow Capital Corp. v. Creative Wealth Media Finance Corp., Henchman Productions Inc., Jason Cloth and Bron Studios USA, Inc*, CV-18-00605872.

13.     Attached hereto as **Exhibit H** is a true and correct copy of the lawsuit *Premium Properties Limited, Colonia Trustco Inc. v. Nightingale Pictures PTY LTD., Bron Creative Corp., Aaron Gilbert and Jason Cloth*, CV-18-00608082.

4

14. Attached hereto as **Exhibit I** is a true and correct copy of the lawsuit *Premium Trust Inc., Premium Properties Limited, Colonia Trustco Inc., JAAM Limited, and Corinthian Enterprises Inc. v. Layover LLC, Layover Productions BC Inc., Bron Studios USA, Inc., Creative Wealth Media Finance Corp. and Jason Cloth,* CV-19-0061712.

15. Attached hereto as **Exhibit J** is a true and correct copy of the lawsuit *Premium Trust Inc., Premium Properties Limited, Colonia Trustco Inc. and JAAM Limited, v. Drunk Parents, LLC, Drunk Parents Production Services, Inc., Creative Wealth Media Finance Corp. and Jason Cloth,* CV-19-00612532.

16. Attached hereto as **Exhibit K** is a true and correct copy of the lawsuit *Colonia Trusstco Inc., JAAM Limited and Premium Properties Limited, v. Phil Productions, LLC, Phil Productions Inc., Creative Wealth Media Finance Corp. and Jason Cloth,* CV-19-00616894.

17. Attached hereto as **Exhibit L** is a true and correct copy of the lawsuit *JAAM Limited and Colonia Trustco Inc. v. Para Productions LLC, Para Productions BC INC., Creative Wealth Media Finance Corp., Bron Studios USA Inc. and Jason Cloth,* CV-19-00617382.

18. Attached hereto as **Exhibit M** is a true and correct copy of the lawsuit *Premium Properties Limited, Colonia Trustco Inc., et.al. v. Creative Wealth Media Finance Corp., Erostratus, LLC, Erostratus LA, LLC, Bron Studios USA Inc. and Jason Cloth,* CV-19-00619398.

19. Attached hereto as **Exhibit N** is a true and correct copy of the lawsuit *Colonia Trustco Inc., JAAM Limited and Premium Properties Limited, and Tully Productions, LLC, Tully Productions BC Inc. Creative Wealth Media Finance Corp., and Jason Cloth,* CV-19-00619401.

20. Attached hereto as **Exhibit O** is a true and correct copy of the lawsuit *JAAM Limited, Premium Properties Limited and Colonia Trustco Inc. v. Bron Creative Corp., Aaron Gilbert, Creative Wealth Media Lending LP 2016 and Jason Cloth,* CV-19-00619402.

21.     Attached hereto as **<u>Exhibit P</u>** is a true and correct copy of the lawsuit *Premium Properties Limited and Colonia Trustco Inc. v. Read Sea, LLC Creative Wealth Media Finance Corp., Aaron Gilbert and Jason Cloth,* CV-19-00620226.

22.     Attached hereto as **<u>Exhibit Q</u>** is a true and correct copy of the lawsuit *Premium Properties Limited, Colonia Trustco Inc. and JAAM Limited v. Creative Wealth Media Finance Corp., Brown Amy LLC and Jason Cloth,* CV-19-00620227.

23.     Attached hereto as **<u>Exhibit R</u>** is a true and correct copy of the lawsuit *Premium Properties Limited, Colonia Trustco Inc and JAAM Limited v. Creative Wealth Media Finance Corp., Brown Amy LLC and Jason Cloth,* CV-19-00623127.

24.     Attached hereto as **<u>Exhibit S</u>** is a true and correct copy of the lawsuit *Premium Properties Limited and Colonia Trustco Inc. v. My Abondonment, LLC, My Abondonment Production Services, Inc., Bron Creative Corp., Creative Wealth Media Finance Corp., Jason Cloth and Aaron Gilbert,* CV-19-00623128.

Dated: New York, New York                              **MEISTER SEELIG & FEIN LLP**
      August 26, 2022

                                              By:   /s/ Kevin Fritz
                                                   Kevin Fritz, Esq.
                                                   125 Park Avenue, 7th Floor
                                                   New York, NY 10017
                                                   (212) 655-3500
                                                   Email: kaf@msf-law.com
                                                   *Attorneys for the Hudson Defendants*