# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAYSHORE CAPITAL ADVISORS, LLC, BCA ALTERNATIVE INCOME FUND, LP, and ROCKING T RANCH, LLLP,<br><br>        Plaintiffs,<br><br>    v.<br><br>CREATIVE WEALTH MEDIA FINANCE CORP., BRON CREATIVE CORP., BRON CREATIVE USA CORP., BRON STUDIOS, INC., BRON STUDIOS USA, INC., HUDSON VALLEY WEALTH MANAGEMENT, INC., JASON CLOTH, AARON L. GILBERT, CHRISTOPHER CONOVER, DAVID K. JONAS, and DOES 1-21,<br><br>        Defendants. | Case No. 22-cv-1105-KMK<br>Hon. Kenneth M. Karas<br><br><br>ORAL ARGUMENT REQUESTED |

## REPLY IN SUPPORT OF BRON STUDIOS, INC.'S, BRON STUDIOS USA, INC.'S, AND AARON L. GILBERT'S <u>MOTION TO DISMISS</u>

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
(f) +1 212 446 2380

*Attorneys for Defendants BRON Studios, Inc., BRON Studios USA, Inc., and Aaron L. Gilbert*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................... 2

I.     No Personal Jurisdiction Exists Over the BRON Studios Defendants. ............................. 2

     A.     Plaintiffs Have Failed to Establish Long-Arm Jurisdiction. .................................. 2

     B.     Plaintiffs Cannot Rely on the RICO Statute for Jurisdiction. ................................ 6

     C.     Plaintiffs Are Not Entitled to Jurisdictional Discovery. ........................................ 7

II.     The FAC Does Not Plead RICO Claims Against the BRON Studios Defendants. ............ 8

III.     Plaintiffs Concede that the Accounting and Fraud Claims Must Be Dismissed Against the BRON Studios Defendants. ............................................................................ 11

IV.     Plaintiffs Have Failed to Plead Aiding and Abetting with Specificity. ........................... 12

V.     The Court Should Dismiss the Baseless Contract and Unjust Enrichment Claims against the BRON Studios Defendants. ............................................................................ 14

CONCLUSION ............................................................................................................................... 15

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Am. Arb. Ass'n, Inc. v. DeFonseca*,

    1996 WL 363128 (S.D.N.Y. June 28, 1996) ......................................................... 11

*Chung v. Igloo Prods. Corp.*,

    2022 WL 2657350 (E.D.N.Y. July 8, 2022) .......................................................... 14

*Clean Coal Techs., Inc. v. Leidos, Inc.*,

    377 F. Supp. 3d 303 (S.D.N.Y. 2019) .................................................................... 4

*Daly v. Castro Llanes*,

    30 F. Supp. 2d 407 (S.D.N.Y. 1998) ...................................................................... 8

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*,

    7 N.Y.3d 65 (2006) ................................................................................................. 4

*Filler v. Hanvit Bank*,

    2003 WL 22110773 (S.D.N.Y. Sept. 12, 2003) .............................................. 12, 13

*First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*,

    52 F. Supp. 3d 625 (S.D.N.Y. 2014) .................................................................... 14

*Fischbarg v. Doucet,*

    9 N.Y.3d 375 (2007) ............................................................................................... 4

*Grp. One Ltd. v. GTE GmbH*,

    2021 WL 1727611 (E.D.N.Y. Feb. 3, 2021) .......................................................... 2

*Hecht v. Com. Clearing House, Inc.*,

    897 F.2d 21 (2d Cir. 1990) ................................................................................... 11

*In re Glob. Crossing, Ltd. Sec. Litig.*,

    2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005) .......................................................... 2

*Int'l Customs Assocs., Inc. v. Ford Motor Co.*,

    893 F. Supp. 1251 (S.D.N.Y. 1995), *aff'd*, 201 F.3d 431 (2d Cir. 1999) ............... 14

*Jonas v. Estate of Leven*,

    116 F. Supp. 3d 314 (S.D.N.Y. 2015) ................................................................ 2, 4

*Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. Ltd.*,

    154 F. Supp. 2d 682 (S.D.N.Y. 2001) .................................................................. 10

*Langenberg v. Sofair*,

 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006) ........................................................... 7

*Lasky v. Shearson Lehman Bros. Inc.*,

 139 F.R.D. 597 (S.D.N.Y. 1991) ............................................................................... 13

*LLM Bar Exam, LLC v. Barbri, Inc.*,

 271 F. Supp. 3d 547 (S.D.N.Y. 2017) ........................................................................ 4

*Napoli v. Nat'l Sur. Corp.*,

 2022 WL 1943776 (S.D.N.Y. May 19, 2022) ........................................................... 12

*Nico Mexi Food, Inc. v. Abarrotera Cent. #2 Wholesale, Corp.*

 2016 WL 873466 (S.D.N.Y. Feb. 10, 2016) ............................................................... 6

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*,

 85 F. Supp. 2d 282 (S.D.N.Y. 2000), *aff'd*, 2 F. App'x 109 (2d Cir. 2001) ............... 8

*Rajaratnam v. Motley Rice, LLC*,

 449 F. Supp. 3d 45 (E.D.N.Y. 2020) .......................................................................... 9

*Rosario v. I.N.S.*,

 962 F.2d 220 (2d Cir. 1992) ...................................................................................... 6

*RSM Prod. Corp. v. Fridman*,

 643 F. Supp. 2d 382 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) .......... 7

*Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*,

 806 F.3d 71 (2d Cir. 2015) ...................................................................................... 11

*Shi v. Le*,

 2022 WL 896963 (E.D.N.Y. Mar. 28, 2022) ............................................................. 3

*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*,

 248 F. Supp. 3d 428 (S.D.N.Y. 2017) ........................................................................ 5

*Trisvan v. Heyman*,

 305 F. Supp. 3d 381 (E.D.N.Y. 2018) ........................................................................ 2

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co. Ltd.*,

 241 F.3d 135 (2d Cir. 2001) ...................................................................................... 6

*United States v. Johnson*,

 945 F.3d 606 (2d Cir. 2019) .................................................................................... 10

*United States v. Venturella,*

    391 F.3d 120 (2d Cir. 2004) ................................................................. 6

*Vista Food Exch., Inc. v. Champion Foodservice, LLC,*

    124 F. Supp. 3d 301 (S.D.N.Y. 2015) ............................................... 6, 7

*Wallert v. Atlan,*

    141 F. Supp. 3d 258 (S.D.N.Y. 2015) ............................................. 14, 15

*Wolo Mfg. Corp. v. ABC Corp.,*

    349 F. Supp. 3d 176 (E.D.N.Y. 2018) ................................................... 2

**Rules**

CPLR 302 ............................................................................................... 4

## PRELIMINARY STATEMENT

The BRON Studios Defendants' Motion to Dismiss explained that the First Amended Complaint ("FAC") failed to establish personal jurisdiction, or any claim for relief, against BRON Studios, Inc. ("BRON Studios Canada"), BRON Studios USA, Inc. ("BRON Studios USA"), or Aaron Gilbert (together, the "BRON Studios Defendants"). In opposition, Plaintiffs do not defend their baseless fraud and accounting claims against the BRON Studios Defendants. On that basis alone, those claims must be dismissed.

Plaintiffs' remaining claims fail because the FAC, and the documents incorporated therein, do not plead with specificity that the BRON Studios Defendants engaged in or aided any scheme to defraud; do not identify any contractual term that any BRON Studios Defendant breached; and do not offer any basis for claiming that BRON Studios Defendants were unjustly enriched at Plaintiffs' expense. Plaintiffs may not remedy these failings by relying on documents or factual assertions outside the FAC. For example, Plaintiffs insist that the BRON Studios Defendants "regularly communicated via email and telephone with Hudson in New York," but because the FAC contains no such allegations, Plaintiffs are left citing to paragraphs alleging that *Creative Wealth Media Finance Corp.* ("CWMF") communicated with Hudson. Plaintiffs also cannot claim that the BRON Studios Defendants participated in the alleged loan to Hudson, when the FAC alleges that agreement was solely between CWMF and Hudson.

Plaintiffs' attempts to rewrite the FAC—after assuring the Court on July 15, 2022, that they had no intent to amend again—underscore the insufficiency of that pleading to establish jurisdiction, or any claim, against the BRON Studios Defendants. At bottom, the FAC has failed to allege: (a) a single specific communication between any BRON Studios Defendant and any other party (plaintiff or defendant); (b) a single contract with BRON Studios Canada; (c) a single

contractual term that BRON Studios USA breached; or (d) a single misstatement or scheme that a BRON Studios Defendant knowingly participated in or aided. The FAC should be dismissed.

## ARGUMENT

### I. No Personal Jurisdiction Exists Over the BRON Studios Defendants.

#### A. Plaintiffs Have Failed to Establish Long-Arm Jurisdiction.

The FAC's "conclusory allegations" cannot satisfy Plaintiffs' burden of establishing jurisdiction under New York's long-arm statute. *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 196 (E.D.N.Y. 2018) (citing cases).

*1. Agency:* To establish jurisdiction via agency, Plaintiffs must show that the BRON Studios Defendants controlled Hudson, Opp. 7-8, but that "[c]ontrol cannot be shown based merely upon . . . conclusory allegations that the defendant controls" another entity, *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 393 (E.D.N.Y. 2018) (quoting *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 328 (S.D.N.Y. 2015)). Here, the FAC merely alleges that Hudson acted at "Cloth and Gilbert's direction and control," FAC ¶ 45, but this "conclusory and vague" allegation, which fails to identify each BRON Studios Defendant's "specific role, if any," is "insufficient to demonstrate" control as a matter of law. *Wolo Mfg. Corp.*, 349 F. Supp. 3d at 195; *see In re Glob. Crossing, Ltd. Sec. Litig.*, 2005 WL 1907005, at *12 (S.D.N.Y. Aug. 8, 2005).

Plaintiffs' agency theory fails for the independent reason that the FAC lacks any non-conclusory allegations that BRON Studios Defendants were aware of, or benefited from, Hudson's actions. Plaintiffs improperly assert, without any citation to the FAC, that Defendants acted "with the consent and knowledge of . . . BRON Defendants." Opp. 11. Even if this allegation were in the FAC, it is "insufficient" for a plaintiff merely to plead that "activities were performed for the benefit of" another or "with [a defendants'] knowledge." *Grp. One Ltd. v. GTE GmbH*, 2021 WL 1727611, at *9 (E.D.N.Y. Feb. 3, 2021).

Plaintiffs refer to an alleged joint venture with Hudson and an alleged email from Hudson about "The Front Runner," Opp. 12-13, but these allegations do not establish an agency relationship, nor do Plaintiffs' claims arise "from that business activity," *Shi v. Le*, 2022 WL 896963, at *2 (E.D.N.Y. Mar. 28, 2022). Thus, it is irrelevant for Plaintiffs to assert: (i) that Hudson and some BRON Studios Defendant (Plaintiffs do not specify which) formed a joint venture, Opp. 13, *after* the alleged fraud in the FAC, *see* Ex. E (announcing BRON Ventures on September 20, 2018); or (ii) that some "BRON" entity worked with Hudson regarding The Front Runner, Opp. 12, a film that is *not at issue* in any of Plaintiffs' claims, FAC ¶ 74.[1]

Plaintiffs also refer to the Sourcing Agreement, but that document provides no evidence that "Hudson's New York activities . . . were necessarily undertaken with the 'consent and knowledge'" of any BRON Studios Defendants. Opp. 11-12. No BRON Studios Defendant is alleged to be a party to, or to know of, that agreement, which imposes no obligations on them. FAC ¶¶ 88-90. According to the FAC, the Sourcing Agreement states that Hudson has a "relationship with [CWMF]" but not that Hudson had such a relationship with any BRON Studios Defendants. *Id.* ¶ 90 (brackets in original).

Plaintiffs' references to the commission agreement, Opp. 37, likewise fail because that agreement was between Hudson and CWMF, *not* the BRON Studios Defendants. FAC ¶¶ 85-86. Plaintiffs' brief claims that the BRON Studios Defendants were somehow part of that agreement, Opp. 37, but the FAC, and Plaintiffs' own exhibit, confirm that they were non-parties to it, FAC, ¶¶ 85-86; Ex. P. A "[c]omplaint cannot be amended by the briefs in opposition to a motion to

---

[1] "Ex." references are to the Shargel Declaration, Dkt. 83; "Fritz Ex." references are to the Fritz Declaration, Dkt. 71.

dismiss." *Clean Coal Techs., Inc. v. Leidos, Inc.*, 377 F. Supp. 3d 303, 321 (S.D.N.Y. 2019) (quoting *LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 580 (S.D.N.Y. 2017)).

Plaintiffs' brief continues to stray from the FAC when it asserts that "Hudson presented term sheets to Plaintiffs that had already been executed by Cloth and Gilbert." Opp. 12. The FAC makes no such claim. *See Jonas*, 116 F. Supp. 3d at 329 (no agency theory where "bald allegations" had "no factual support in the complaint"). Even if this were alleged in the FAC, Hudson's sending non-New York Plaintiffs copies of non-New York term sheets, governed by Canadian law, Exs. F-H, is hardly evidence of BRON Studios USA or Gilbert doing business in New York. BRON Studios Canada was not even on the term sheets.

Finally, agency cannot be established through Hudson's alleged statement that "the studio" behind Needle was "making this very secure paper available to our syndicate." Opp. 12. That statement indicates that Hudson was investing in, not working for, the studio, and, in any event, the FAC and Plaintiffs' exhibits show that the studio was "Needle in a Timestack, LLC," *not* any BRON Studios Defendant. FAC ¶ 110, Ex. F, Sched. A, at 1, 19.

*2. CPLR 302(a):* Plaintiffs present no serious case for general jurisdiction over the BRON Studios Defendants in New York, and instead claim that specific jurisdiction exists under CPLR 302(a), but they have failed to identify activities by the BRON Studios Defendants in New York giving rise to any of the FAC's claims. Plaintiffs rely on *Fischbarg v. Doucet*, where defendants solicited a New York plaintiff, Opp. 10, but Plaintiffs are not based in New York, and the BRON Studios Defendants are not alleged to have "sought out" or "communicated regularly" with them. 9 N.Y.3d 375, 380-81 (2007).

This case is also unlike *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, because it identifies no "substantial transaction" between the BRON Studios Defendants and any New York

entity, including Hudson. 7 N.Y.3d 65, 71-72 (2006). The FAC alleges no relevant contract, transaction, or communication by any BRON Studios Defendant directed into New York. While Plaintiffs' brief contends that the "BRON and Creative Defendants regularly communicated via email and telephone with Hudson in New York," Opp. 10 (citing FAC ¶¶ 60, 61, 67), none of the cited FAC paragraphs mentions any BRON Studios Defendants; they refer instead to alleged communications between CWMF and Hudson. Also unavailing is Plaintiffs' claim that Hudson had a right of first refusal with "BRON and Creative Defendants," Opp. 27 (citing FAC ¶ 84); the cited FAC paragraph states that "Creative has agreed," not that any BRON Studios Defendants had, FAC ¶ 84.

The FAC likewise provides no support for Plaintiffs' claim that "BRON Studios" used "offices in New York . . . to transact business related to the film financing scheme." Opp. 10. Plaintiffs cite to FAC ¶ 115, but that merely alleges that Needle in a Timestack LLC, a separate entity *not* party to this lawsuit, used this address in the Needle loan, *to which Plaintiffs were not a party*. The address used by a non-party (Needle in a Timestack LLC), when entering into an agreement to which Plaintiffs themselves *are not* parties (the Needle loan), is irrelevant to whether personal jurisdiction exists over any BRON Studios Defendants.

*3. Conspiracy:* Plaintiffs also insist, separate from their RICO theory of jurisdiction, that New York law permits jurisdiction over non-resident co-conspirators in a scheme to defraud; however, that theory requires the conspiracy to defraud to be pleaded with specificity, *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 446-47 (S.D.N.Y. 2017). This unpleaded theory thus fails for the same reasons as the aiding claim (lack of specificity) and the RICO conspiracy claim (lack of allegations of a specific agreement). *See* Parts II, IV, *infra*.

### B.     Plaintiffs Cannot Rely on the RICO Statute for Jurisdiction.

Plaintiffs cannot rely on the RICO statute for jurisdiction, because the FAC fails to plead a RICO violation against any BRON Studios Defendant. *See* Part II, *infra.* The RICO jurisdiction theory fails for an additional reason as to BRON Studios Canada and Gilbert, because the FAC does not allege their requisite minimum contacts with the United States.

As to Gilbert, the FAC alleges that he resides in "Los Angeles, California and Canada," but that does not establish he is at home in the United States. FAC ¶ 31. While a corporation might have two residencies, "[a] person may have only one domicile." *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004) (quoting *Rosario v. I.N.S.*, 962 F.2d 220, 224 (2d Cir. 1992)). Alleging that Gilbert spends his time in two places says nothing of where he calls home. By insisting that Gilbert "may still reside in California without being a 'resident' of the State," Opp. 7, Plaintiffs highlight, rather than fix, the key deficiency here: merely residing unexclusively in a place does not make it one's domicile for jurisdictional purposes.

Nor can Plaintiffs establish specific jurisdiction in the United States by attaching Instagram posts they claim were made by Gilbert in California; Plaintiffs do not allege that their claims "arise from" these purported "contacts." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co. Ltd.*, 241 F.3d 135, 152 (2d Cir. 2001). Accordingly, Plaintiffs' quibble with the Margulis declaration misses the point: Plaintiffs, not defendants, have the burden of establishing prima facie jurisdiction, and they have not. *See Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 307 (S.D.N.Y. 2015).[2]

---

[2] Plaintiffs' citation to *Nico Mexi Food, Inc. v. Abarrotera Cent. #2 Wholesale, Corp.* is therefore misplaced because there the party submitting the evidence bore the burden of proof. 2016 WL 873466, at *2 (S.D.N.Y. Feb. 10, 2016).

Nor can Plaintiffs create jurisdiction in the United States with conclusory and group-pleaded assertions that Gilbert "does substantial business" or that BRON Studios Canada "conduct[s] substantial business" and has offices there. Opp. 8. These generic allegations are insufficient as a matter of law to create general or specific jurisdiction. Mot. 7-11. Indeed, of the myriad FAC paragraphs Plaintiffs cite to create a semblance of jurisdiction, Opp. 8-9 (citing FAC ¶¶ 27-36, 67-72, 104, 106, 112, 140-41, 190, 192), only one specifically mentions BRON Studios Canada: FAC ¶ 28, which says it is a Canadian entity.

### C. Plaintiffs Are Not Entitled to Jurisdictional Discovery.

Because Plaintiffs have failed to set out a prima facie case for jurisdiction, they cannot obtain jurisdictional discovery. Such discovery is inappropriate where, as here, there is no "genuine issue of jurisdictional fact." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009), *aff'd,* 387 F. App'x 72 (2d Cir. 2010). Contrary to Plaintiffs' assertion that they "have made a sufficient start toward establishing personal jurisdiction," Opp. 16, they have provided no material, non-conclusory factual allegations on any BRON Studios Defendants that would require additional discovery to be proven, and their request for discovery into "the extent of [the] . . . BRON Defendants' connections to New York and the United States more generally," Opp. 16, is "an unfounded finishing expedition for jurisdictional facts," *Fridman*, 643 F. Supp. 2d at 402 (quoting *Langenberg v. Sofair*, 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006)); *see Vista Food Exch., Inc.*, 124 F. Supp. 3d at 315 ("Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts."). The Court should therefore deny Plaintiffs' request for jurisdictional discovery.

Alternatively, any jurisdictional discovery ordered should be narrowly tailored to avoid discovery into any merits issues and to focus instead only on whether there is general jurisdiction in New York (for BRON Studios USA or BRON Studios Canada) or California (for Gilbert).

## II. The FAC Does Not Plead RICO Claims Against the BRON Studios Defendants.

*A. No participation in predicate acts or a fraudulent enterprise*: With their opposition, Plaintiffs have abandoned any argument that the BRON Studios Defendants *made* fraudulent statements,[3] and instead are basing their RICO enterprise claim on the argument that the BRON Studios Defendants engaged in "knowing or intentional participation in the alleged scheme to defraud." Opp. 25. Even under this narrower theory, however, Rule 9(b) still requires Plaintiffs "to describe specifically each defendant's alleged participation," and, here, the FAC continues to fall short. *Daly v. Castro Llanes*, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998) (dismissing RICO claims based on fraud); *see also Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000), *aff'd,* 2 F. App'x 109 (2d Cir. 2001) ("When fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts or omissions complained of by each defendant.").

Plaintiffs spend much of their brief asserting the "BRON Defendants' role as producers of the films" and their purported business relationships with other defendants, Opp. 30, but "[m]erely pleading a close relationship with another entity that is alleged to have made particular misleading statements is insufficient" to state a RICO claim based on fraud, *Daly*, 30 F. Supp. 2d at 414. Thus, it is immaterial that "BRON and Creative Wealth" had a "Project Evaluation Process," Opp. 26,[4] or that Hudson and some "BRON Studios" entity formed a joint venture in

---

[3] The BRON Studios Defendants' motion explained the numerous faults in Plaintiffs' allegations of misstatements. Mot. 12-17.

[4] Plaintiffs' reliance on this document against the BRON Studios Defendants is particularly improper given that the FAC states the "Project Evaluation Process" document was "prepared by CWMF," with no mention of any BRON Studios Defendant, and the FAC does not even allege that any statement in that document is fraudulent. FAC ¶ 61.

September 2018, *see* p.3, *supra*.  Absent more, these descriptions of anodyne business relationships cannot constitute intentional participation in a fraud.

Instead of offering specific allegations that BRON Studios Defendants participated in fraud, the FAC relies on conclusory claims that *other* defendants made statements "with the knowing and intentional participation of . . . BRON Studios . . . [and] Gilbert," or "in coordination with BRON Studios."  FAC ¶¶ 63, 78.  The FAC fails to support this sweeping claim with any non-conclusory allegations showing that the BRON Studios Defendants "had an intent to defraud, knowledge of [any] falsity, or a reckless disregard for the truth."  *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 68 (E.D.N.Y. 2020) (dismissing RICO claims). Plaintiffs point to the term sheets that BRON Studios USA (*but not* BRON Studios Canada) allegedly signed, but nothing in those agreements, *see* Exs. F-H, suggests knowledge of, or intent to participate in, predicate acts.  Otherwise, such knowledge would also be imputed to Plaintiffs who allegedly signed the term sheets too.

Plaintiffs also speculate that the BRON Studios Defendants "must have" been participating in Hudson's alleged misstatements, Opp. 26, but the FAC offers no such inference. The FAC does not identify any instance where Hudson represented to Plaintiffs information that must have come directly from a BRON Studios Defendant (as opposed to coming from another defendant, or being allegedly made up by Hudson).

Unable to point to specific allegations of participation, Plaintiffs attempt to rewrite the FAC, claiming that the RICO claim "begins with the BRON Defendants, led by Gilbert, seeking loans for which they can ignore any repayment obligation" and that the BRON Studios Defendants were the "ultimate beneficiaries."  Opp. 25, 27.  Not only are those assertions absent

from the FAC, they are also contradicted by that pleading, which shows that *none* of the underlying film loans were made to any of the BRON Studios Defendants. *See* Part IV, *infra*.

Finally, Plaintiffs have not shown that the BRON Studios Defendants participated in any fraudulent cover up. The BRON Studios Defendants are not alleged to have even known of the alleged cover-up statements, *see id.*, and regardless, Plaintiffs have not alleged, with specificity, how those statements of future expectation were fraudulent, s*ee* FAC ¶¶ 190-194.

*B. No continuity*: Continuity is lacking because Plaintiffs' RICO claim is grounded on unpaid debts to related plaintiffs, on specific contracts, executed within months of each other. *See Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. Ltd.*, 154 F. Supp. 2d 682, 694 (S.D.N.Y. 2001) ("That the complainant has not recovered a contractual loss, for example, is insufficient to prove the threat of future criminal acts by the defendants."). Plaintiffs cannot bootstrap open-ended continuity by referring to other film lawsuits, FAC ¶¶ 218-219, where BRON Studios Defendants are not parties (*see* Fritz Exs. J, F (Preserver, Drunk Parents)) or are not accused of fraud (*see* Conover Exs. B, H, I (Capone, Greyhound, Nightingale, The Layover)). Likewise, Plaintiffs' assertions that "Defendants are continuing to seek new investors," Opp. 34 (citing FAC ¶¶ 221-22), and that the "predicate acts were the regular way in which [Defendants] conducted their business," Opp. 33, are irrelevant to the BRON Studios Defendants, whom the FAC concedes are in the business of producing films where investors get repaid, FAC ¶¶ 79-80.

As to closed-ended continuity, Plaintiffs cannot rely on *United States v. Johnson*, 945 F.3d 606 (2d Cir. 2019), to claim that the scheme extended beyond any of the term sheets through a purported cover-up. Here, Plaintiff has failed to explain how statements of expectation by DeRoyce or Cloth—that they believed more money would be coming in—are false; more importantly, those statements do not cover up what was allegedly obvious to Plaintiffs, *i.e.*, that

CWMF was in breach of the term sheets. FAC ¶¶ 190-194.[5]  In contrast to these statements about future intent, *Johnson* involved lies covering up a prior breach of confidence, and therefore prevented the victim from suing earlier for that breach. 945 F.3d at 615.

   *C.  No RICO conspiracy:* "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990). The FAC contains no such allegations. Instead, it relies on a single conclusory allegation that "Defendants . . . conspired to conduct or participate in, directly or indirectly, the affairs of the Enterprise through the pattern of racketeering activity described above." FAC 225. These "conclusory allegations of agreement a[re] insufficient to state a RICO conspiracy claim." *Am. Arb. Ass'n, Inc. v. DeFonseca*, 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996).[6]

   *D.  No reliance:* Plaintiffs suggest that they need not plead reliance, but the "theory of injury in most RICO []-fraud cases will nevertheless depend on establishing that someone— whether the plaintiffs themselves or third parties—relied on the defendant's misrepresentation." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 87 (2d Cir. 2015). Thus, lack of reasonable reliance here provides another reason for dismissal.

### III. Plaintiffs Concede that the Accounting and Fraud Claims Must Be Dismissed Against the BRON Studios Defendants.

   The BRON Studios Defendants' motion explained that the fraud and accounting claims against them must be dismissed for failure to state a claim. Plaintiffs' "did not address th[ese]

---

[5] Because the alleged cover-up statements were neither promises nor made by the BRON Studios Defendants, Plaintiffs have no basis for insisting that "BRON Studios . . . promise[d] to pay once they had financing from another source." Opp. 3.

[6] Plaintiffs' conspiracy claim also fails for the same reasons as the enterprise claim, including lack of continuity. *See Lutin v. New Jersey Steel Corp.*, 122 F.3d 1056 (2d Cir. 1997).

argument[s] in their opposition, and, on that basis alone, may be deemed to have conceded the point." *Napoli v. Nat'l Sur. Corp.*, 2022 WL 1943776, at *6 (S.D.N.Y. May 19, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 2110606 (S.D.N.Y. June 10, 2022). Plaintiffs do not even *mention* the accounting claim, and while they raise the fraud claim against the Hudson and Creative Defendants, their opposition makes no argument to support the meritless fraud claim against Gilbert, BRON Studios USA, and BRON Studios Canada. The fraud and accounting claims must be dismissed.

## IV. Plaintiffs Have Failed to Plead Aiding and Abetting with Specificity.

The aiding and abetting claims must also be dismissed. First, Plaintiffs' opposition does not identify "allegations with respect to each defendant, but instead refer[s] only generally to the defendants as" the BRON Defendants or BRON Studios, and for this reason alone "fail[s] to plead aiding and abetting common law fraud." *Filler v. Hanvit Bank*, 2003 WL 22110773, at *3 (S.D.N.Y. Sept. 12, 2003); *see* Opp. 45-47.

Second, the FAC does not allege with specificity that the BRON Studios Defendants knowingly and intentionally aided in any fraud. Plaintiffs point to the term sheets, but those are inapplicable to BRON Studios Canada, and the term sheets offer no basis for inferring that the BRON Studios USA or Gilbert were aware of any fraud. Even if Plaintiffs could claim that CWMF's term sheet promises were fraudulent, the FAC lacks any specific allegations showing that the BRON Studios Defendants would have known those statements were false.

Plaintiffs cannot fill that gap by claiming, contrary to the FAC, that "BRON Studios was the ultimate borrower and the recipient of Plaintiffs' money." Opp. 46 (citing FAC ¶ 106). The FAC alleges that the ultimate Needle borrower is Needle in a Timestack, LLC, FAC ¶¶ 106, 110; the ultimate Lionsgate borrower is Hercules Film Investors, *id.* ¶ 146; and the ultimate

12

Nightingale borrower is Nightingale Film Holdings Pty Ltd, *id.* ¶ 173. Moreover, the FAC does not allege that any of these underlying loans evidenced a scheme to defraud Plaintiffs.

Nor does the FAC provide any specifics tying the BRON Studios Defendants to Hudson's alleged misstatements. Plaintiffs claim that "BRON Studios provided Plaintiffs, through Hudson, with their brochure describing active productions," Opp. 46, but the FAC merely states that "in May 2018 Hudson in coordination with BRON Studios relayed to Plaintiffs an April 2018 presentation detailing BRON Studios' active productions," FAC ¶ 78. "[I]n coordination with," *id.*, is generic phrasing that provides neither the "what" nor "'who, where and when' required for Rule 9(b)." *Filler*, 2003 WL 22110773, at *3. Plaintiffs also have not identified any misstatement in the April 2018 presentation: it merely lists certain films, their cast and crew, and plot summaries, none of which Plaintiffs claim is false. *See* Ex. M.

Plaintiffs also claim that "BRON Studios necessarily permitted Hudson to enter into the [Sourcing] agreement," Opp. 46, but as explained above, the FAC does not claim that any BRON Studios Defendant was even aware of the Sourcing Agreement, nor is the agreement alleged to have required their consent. *See* p.3, *supra*.

As to the purported cover-up, Plaintiffs offer no specific facts showing that BRON Studios Defendants aided it. Plaintiffs cannot rely on the DeRoyce Letter: those allegations are made "on information and belief," FAC ¶ 194, and therefore cannot satisfy Rule 9(b), *Lasky v. Shearson Lehman Bros. Inc.*, 139 F.R.D. 597, 598 (S.D.N.Y. 1991). Moreover, no BRON Studios Defendants were copied on, or mentioned in, that correspondence, which instead refers to a separate entity, BRON Media Corp. Ex. N at 1-2. The FAC similarly lacks any specific allegations showing that the BRON Studios Defendants were aware of either Cloth's statement that "BRON Studios was about to close on a line of credit" or his statement, purportedly on

behalf of BORN Studios, that such credit would be "used to pay off Bayshore's loans." FAC ¶ 190. Even if such knowledge had been shown, Plaintiffs provide no specific allegations that DeRoyce's or Cloth's statements of expectation were false when made. *See* pp.10-11, *supra*.

Finally, Plaintiffs have failed to rebut the BRON Studios Defendants' argument that reasonable reliance was lacking. Mot. 14-15. Without such reliance, there can be no common-law fraud, and therefore no aiding and abetting fraud.

## V. The Court Should Dismiss the Baseless Contract and Unjust Enrichment Claims against the BRON Studios Defendants.

Despite conceding that BRON Studios Canada is not party to the term sheets, Plaintiffs insist, without explanation, on breach and unjust enrichment claims against it. Opp. 48. Because "a contract cannot bind a non-party," Plaintiffs breach and fair dealing claims against BRON Studios Canada are frivolous. *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1255 (S.D.N.Y. 1995), *aff'd*, 201 F.3d 431 (2d Cir. 1999). And as "no relationship" with BRON Studios Canada has been pleaded, the unjust enrichment claim against it is also baseless. *Chung v. Igloo Prods. Corp.*, 2022 WL 2657350, at *21 (E.D.N.Y. July 8, 2022); *see First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 640 (S.D.N.Y. 2014).

As to BRON Studios USA, Plaintiffs allege that it signed the Needle and Lionsgate contracts but Plaintiffs nonetheless fail to identify "specific terms of the contract that [the] defendant has breached." *Wallert v. Atlan*, 141 F. Supp. 3d 258, 286 (S.D.N.Y. 2015). Plaintiffs make no attempt to dispute BRON Studios USA's reading of the term sheets as placing the repayment obligation on CWMF, Mot. 21-22; indeed, Plaintiffs state that it was the Creative Defendants that contracted to the "promise of repayment" in those term sheets. Opp. 25. Nevertheless, Plaintiffs baselessly insist that by signing the agreements, BRON Studios USA somehow "evidence[d] an intent to be bound by their repayment." Opp. 48. Because Plaintiffs

cannot point to any "specific terms" obligating that repayment, however, the complaint "must be dismissed." *Wallert*, 141 F. Supp. 3d at 286.

Instead of pointing to specific terms, Plaintiffs ask this Court to erase the distinctions between the term sheets and the underlying loan agreements: Plaintiffs claim BRON Studios USA should pay under the term sheets because "BRON Defendants were the ultimate borrower with repayment obligations" in *other* contracts "underlying" *the term sheets*. Opp. 48. Even, if the BRON Studios Defendants were borrowers under those different contracts, their repayment obligations would necessarily be limited to *those contracts*. Regardless, the FAC flatly contradicts Plaintiffs' "ultimate borrower" claim, *see* Part IV, *supra*; *see also* Ex. F, Sched. A (identifying "Needle in a Timestack, LLC" as the "Borrower" in the Needle loan agreement).

Because the FAC contradicts this ultimate-borrower assertion, Plaintiffs cannot rely on it to support their duplicative fair dealing and unjust enrichment claims either. Opp. 49-50. Plaintiffs only other theories for their fair dealing claim—that BRON Studios USA prevented Plaintiffs from "receiving the benefits of their bargain" or "knowingly misle[d]" Plaintiffs, Opp. 49—are likewise meritless. Plaintiffs' term sheets entitle them to seek payment from CWMF, and the FAC does not allege that BRON Studios USA did anything to interfere with that right; likewise, the FAC does not identify *any* misleading statements by BRON Studios USA.

The unjust enrichment claim fails for the additional reason that Plaintiffs do not explain how Gilbert, or any other BRON Studios Defendant, could have been enriched at Plaintiffs' expense. *See* FAC ¶ 290.

## CONCLUSION

For the reasons discussed above and in the opening brief, the Court should dismiss the FAC with prejudice as to BRON Studios USA, BRON Studios Canada, and Gilbert.

Dated: October 31, 2022
New York, New York

/s/ Joshua I. Schiller
Joshua I. Schiller
Benjamin Margulis
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
jischiller@bsfllp.com
bmargulis@bsfllp.com

*Attorneys for Defendants BRON Studios, Inc., BRON Studios USA, Inc., and Aaron L. Gilbert*