## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

BAYSHORE CAPITAL ADVISORS, LLC, BCA
ALTERNATIVE INCOME FUND, LP, and
ROCKING T RANCH, LLLP,

                        Plaintiffs,

             - against -

CREATIVE WEALTH MEDIA FINANCE
CORP., BRON CREATIVE CORP., BRON
CREATIVE USA CORP., BRON STUDIOS,
INC., BRON STUDIOS USA, INC., HUDSON
VALLEY WEALTH MANAGEMENT, INC.,
JASON CLOTH, AARON L. GILBERT,
CHRISTOPHER CONOVER, DAVID K. JONAS,
and DOES 1-21,

                       Defendants.

Case No: 7:22-cv-1105

Hon. Kenneth M. Karas

**DEFENDANTS HUDSON
VALLEY WEALTH
MANAGEMENT, INC.,
AND CHRISTOPHER
CONOVER'S ANSWER AND
AFFIRMATIVE DEFENSES
TO FIRST AMENDED
COMPLAINT**

---------------------------------------------------------------------- x

      Defendants **Hudson Valley Wealth Management, Inc.** ("Hudson") **and Christopher Conover** ("Conover") (collectively "Defendants"), by their undersigned counsel, Meister Seelig & Fein PLLC, for their answer, and affirmative defenses to the First Amended Complaint (the "Complaint") of the Plaintiffs **Bayshore Capital Advisors, LLC, BCA Alternative Income Fund, LP, and Rocking T Ranch, LLLP's** ("Plaintiffs"), state and allege as follows:

### INTRODUCTION

      1.    Defendants decline to respond to the allegations contained in paragraph 1 of the Complaint on the grounds that Plaintiffs' causes of action for violations of the Racketeering Influenced and Corrupt Act ("RICO") have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

1

2.      Defendants decline to respond to the allegations contained in paragraph 2 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

3.      Defendants decline to respond to the allegations contained in paragraph 3 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

4.      Defendants decline to respond to the allegations contained in paragraph 4 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

5.      Defendants decline to respond to the allegations contained in paragraph 5 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

6.      Defendants decline to respond to the allegations contained in paragraph 6 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required,

Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

7.      Defendants decline to respond to the allegations contained in paragraph 7 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

8.      Defendants decline to respond to the allegations contained in paragraph 8 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

9.      Defendants decline to respond to the allegations contained in paragraph 9 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

## PARTIES

**A. Plaintiffs**

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

**B.  The Hudson Defendants**

17.     Defendants admit the allegation contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint and respectfully refer the Court to Hudson's webpage, which speaks for itself, for a true and accurate recitation of its contents.

19.     Defendants admit the allegation contained in paragraph 19 of the Complaint.

20.     Defendants decline to respond to the allegations contained in paragraph 20 of the Complaint on the grounds that David K. Jonas ("Jonas") has been dismissed from this lawsuit such that no response is required. To the extent that any response is required, Defendants admit that David K. Jonas was an employee of Hudson.

**C.  The Creative Wealth Defendants**

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint. Defendants further state that Creative Wealth Media Finance Corp. ("CWMF") has been dismissed from this lawsuit.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and respectfully refer to CWMF's website, accessible via the public domain, which speaks for itself, for a true and accurate recitation of its contents.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint. Defendants further state that Jason Cloth ("Cloth") has been dismissed from this lawsuit.

25.     Defendants decline to respond to the allegations contained in paragraph 25 of the Complaint on the grounds that Cloth and CWMF have been dismissed from this lawsuit such that no response is required. To the extent that any response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

**D. The BRON Defendants**

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint. Defendants further state that BRON Studio USA ("BRON Studios") has been dismissed from this lawsuit.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint. Defendants further state that BRON Studio, Inc. ("BRON Studios") has been dismissed from this lawsuit.

29.     Defendants decline to respond to paragraph 29 as it does not contain any statement of fact requiring a response.

30.     Defendants decline to respond to the allegations contained in paragraph 30 of the Complaint on the grounds that BRON Studios has been dismissed from this lawsuit such that no response is required. To the extent that any response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint. Defendants further state that Albert L. Gilbert ("Gilbert") has been dismissed from this lawsuit.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint. Defendants further state that BRON Creative USA Corp. has been dismissed from this lawsuit.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint. Defendants further state

6

that BRON Creative Corp. (BRON Creative USA Corp. and BRON Creative Corp. are referred to together herein as "BRON Creative").

34.     Defendants decline to respond to paragraph 34 of the Complaint as it does not contain any statement of fact requiring a response.

35.     Defendants decline to respond to the allegations contained in paragraph 35 of the Complaint on the grounds that BRON Creative has been dismissed from this lawsuit such that no response is required. To the extent that any response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint. Defendants further state that Cloth and Gilbert have been dismissed from this lawsuit.

## JURISDICTION AND VENUE

37.     Paragraph 37 states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Paragraph 38 states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

39.     Paragraph 39 states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

40.     Paragraph 40 states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

41.    Paragraph 41 states a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A.  Defendants Are A Closely-Knit Enterprise Engaged In Criminal Conduct

42.    Defendants decline to respond to the allegations contained in paragraph 42 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

43.    Defendants decline to respond to the allegations contained in paragraph 43 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

44.    Defendants decline to respond to the allegations contained in paragraph 44 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

45.    Defendants decline to respond to the allegations contained in paragraph 45 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

46.    Defendants decline to respond to the allegations contained in paragraph 46 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required,

Defendants deny the allegations contained in this paragraph, except admit that Hudson maintained a business relationship with film developers, financers and producers such as CWMF, BRON Studios and BRON Creative and Creative Wealth, and respectfully refer the Court to the referenced documents, the contents of which speak for themselves.

47.     Defendants decline to respond to the allegations contained in paragraph 47 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph, and respectfully refer to the documentation for transactions, the contents of which speak for themselves.

48.     Defendants deny the allegations in paragraph 48 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

49.     Defendants decline to respond to the allegations contained in paragraph 49 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

**B. Defendants Induce Bayshore and RTR Into The Film Financing Scheme**

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint, except admit that Bayshore was introduced to Hudson in 2016. Defendants respectfully refer the Court to Hudson's website[1], accessible via the public domain, the contents of which speak for themselves.

51.     Defendants decline to respond to the allegations contained in paragraph 51 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have

---

[1] See www.hudcos.com/film-funding/

9

been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

52.     Defendants deny the allegations in paragraph 52 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint and respectfully refer the Court to the referenced documents, the contents of which speak for themselves.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint, and respectfully refer the Court to the referenced documents, the contents of which speak for themselves.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint, except admit that Conover introduced Bayshore to CWMF in 2017 and that Plaintiffs provided written quotes, the contents of which speak for themselves.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint and respectfully refer the Court to the documents referenced therein, the contents of which speak for themselves.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants decline to respond to the allegations contained in paragraph 64 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

65.     Defendants decline to respond to the allegations contained in paragraph 65 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

66.     Defendants decline to respond to the allegations contained in paragraph 66 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have

been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint and respectfully refer the Court to the spreadsheet, the contents of which speak for themselves.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

77.     Defendants decline to respond to the allegations contained in paragraph 77 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. Should a response ever be deemed required, Defendants deny the allegations contained in this paragraph of the Complaint.

78.     Defendants decline to respond to the allegations contained in paragraph 78 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. Should a response ever be deemed required, Defendants deny the allegations contained in this paragraph of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

79.     Defendants decline to respond to the allegations contained in paragraph 79 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. Should a response ever be deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

80.     Defendants decline to respond to the allegations contained in paragraph 80 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have

been dismissed such that no response is required. Should a response ever be deemed required, Defendants deny the allegations contained in this paragraph.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint, Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves, except Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the following allegation in this paragraph: "CWMF sought to leverage their relationship with BRON to further induce Bayshore and others to provide financing."

82.     Defendants decline to respond to the allegations contained in paragraph 82 of the Complaint on the grounds that Defendants CWMF, Cloth, BRON Studios, Gilbert, and/or BRON Creative have been dismissed from this action. Defendants deny the allegations contained in this paragraph concerning Hudson. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the following allegation in this paragraph concerning Defendants CWMF, Cloth, BRON Studios, Gilbert, and/or BRON Creative: "Plaintiffs conducted due diligence during the period preceding their investments, requesting extensive documentation and information from Defendants."

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint, and respectfully refer the Court to the documents referenced therein, the contents of which speak for themselves.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

14

85.     Defendants deny the allegations in paragraph 85 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

86.     Defendants deny the allegations in paragraph 86 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint, except admit that Bayshore and Hudson entered into a sourcing agreement, dated July 29, 2018 ("Sourcing Agreement"), the contents of which speak for themselves.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

**C.  Hudson Was Beholden To CWMF And Motivated To Lie**

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint, and respectfully refer the Court to the documents referenced therein, the contents of which speak for themselves.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint, except admit the existence of court submissions, the contents of which speak for themselves.

97.      Defendants decline to respond to the allegations contained in paragraph 97 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

**D.  Plaintiffs Agree To Finance Film Projects**

*Needle In A Timestack*

98.     Defendants admit that Bayshore invested in the movie called "Needle In A Timestack" ("Needle").

99.     Defendants deny the allegations in paragraph 99 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

100.     Defendants deny the allegations in paragraph 100 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

101.     Defendants deny the allegations contained in paragraph 101 of the Complaint and respectfully refer the Court to the documents referenced therein, the contents of which speak for themselves, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the following allegation in this paragraph of the Complaint: "likely prepared by CWMF" . . . and "It assured Bayshore that collateral would consist of a transferrable Canadian tax credit."

102.     Defendants deny the allegations in paragraph 102 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

103.     Defendants deny the allegations contained in paragraph 103 of the Complaint and respectfully refer the Court to the documents referenced therein, the contents of which speak for themselves.

104.     Defendants admit that Bayshore entered into the Needle Financing Term Sheet (the "Needle Term Sheet"), the terms and contents of which speak for themselves and have been inaccurately and/or incompletely recited by Plaintiffs.

105.     Defendants deny the allegations in paragraph 105 of the Complaint and respectfully refer the Court to the Needle Term Sheet, the contents of which speak for themselves.

106.     Defendants deny the allegations in paragraph 106 of the Complaint and respectfully refer the Court to the Needle Term Sheet, the contents of which speak for themselves.

107.     Defendants deny the allegations in paragraph 107 of the Complaint and respectfully refer the Court to the Needle Term Sheet, the contents of which speak for themselves.

108.     Defendants deny the allegations contained in paragraph 108 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

109.     Defendants deny the allegations in paragraph 109 of the Complaint and respectfully refer the Court to the Needle Loan Agreement, the contents of which speak for themselves.

110.     Defendants deny the allegations in paragraph 110 of the Complaint and respectfully refer the Court to the Needle Loan Agreement, the contents of which speak for themselves.

111.     Defendants deny the allegations in paragraph 111 of the Complaint and respectfully refer the Court to the Needle Loan Agreement, the contents of which speak for themselves.

112.     Defendants deny the allegations in paragraph 112 of the Complaint and respectfully refer the Court to the Needle Loan Agreement, the contents of which speak for themselves.

113.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint.

114.     Defendants deny the allegations in paragraph 114 of the Complaint and respectfully refer the Court to the Needle Loan Agreement, the contents of which speak for themselves.

115.     Defendants deny the allegations in paragraph 115 of the Complaint and respectfully refer the Court to the Needle Loan Agreement, the contents of which speak for themselves.

116.     Defendants deny the allegations in paragraph 116 of the Complaint and respectfully refer the Court to the Needle Promissory Note, the contents of which speak for themselves, except Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the following allegation in this paragraph of the Complaint: "in the favor of CWMF."

117.     Defendants deny the allegations in paragraph 117 of the Complaint and respectfully refer the Court to the Needle Promissory Note, the contents of which speak for themselves.

118.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Complaint.

119.     Defendants deny the allegations contained in paragraph 119 of the Complaint concerning Hudson and Conover and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to BRON Studios, BRON Creative, Gilbert, Cloth and CWMF.

120.     Defendants deny the allegations in paragraph 120 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

121.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

122.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint.

123.    Defendants decline to respond to the allegations contained in paragraph 123 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

124.    Defendants decline to respond to the allegations contained in paragraph 124 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

125.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

126.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint and respectfully refer the Court to the streaming services referenced therein, the contents of which speak for themselves.

127.    Paragraph 127 of the Complaint consists of an image allegedly from Delta Airlines' in-flight entertainment. To that end, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

128.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Complaint.

129.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint.

130.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Complaint.

131.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Complaint.

### *The Lionsgate Slate*

132.     Defendants admit that Bayshore and RTR participated in the financing of the films. "The Spy Who Dumped Me," "A Simple Favor," "Anna," and "Chaos Walking" (together, the "Lionsgate Slate").

133.     Defendants deny the allegations contained in paragraph 133 of the Complaint, except admit that Plaintiffs participated in the Lionsgate financing, and respectfully refer to the Lionsgate Term Sheet, the contents of which speak for themselves.

134.     Defendants deny the allegations contained in paragraph 134 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

135.     Defendants deny the allegations contained in paragraph 135 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

136.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations in paragraph 137 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

138.    Defendants admit that Bayshore entered into a Term Sheet dated July 9, 2018 with BRON Creative USA Corp., BRON Studios USA, Inc., and CWMF ("Lionsgate Term Sheet"), and respectfully refer to the Lionsgate Term Sheet, the contents of which speak for themselves.

139.    Defendants deny the allegations in paragraph 139 of the Complaint and respectfully refer the Court to the Lionsgate Term Sheet, the contents of which speak for themselves.

140.    Defendants deny the allegations contained in paragraph 140 of the Complaint and respectfully refer the Court to the Lionsgate Term Sheet, the contents of which speak for themselves.

141.    Defendants deny the allegations contained in paragraph 141 of the Complaint and respectfully refer the Court to the Lionsgate Term Sheet, the contents of which speak for themselves.

142.    Defendants deny the allegations contained in paragraph 142 of the Complaint, except admit that RTR entered into a Term Sheet for the financing of the Lionsgate Slate, and respectfully refer the Court to the Lionsgate Term Sheet, the contents of which speak for themselves.

143.    Defendants deny the allegations contained in paragraph 143 of the Complaint and respectfully refer the Court to the Lionsgate Term Sheet, the contents of which speak for themselves.

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

145.     Defendants deny the allegations contained in paragraph 145 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

146.     Defendants deny the allegations contained in paragraph 146 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

147.     Defendants admit the allegations contained in paragraph 147 of the Complaint concerning Hudson, and that Hudson conveyed information it received from CWMF in good faith without knowledge of any falsity of CWMF's representation. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the following allegation contained in paragraph 147: "CWMF told Plaintiffs that the films were performing well."

148.     Defendants deny the allegations contained in paragraph 148 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

149.     Defendants deny the allegations contained in paragraph 149 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

150.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the Complaint, and respectfully refer to the public domain, the contents of which speak for themselves.

151.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Complaint.

152.    Defendants admit the allegations contained in paragraph 152 of the Complaint concerning Hudson, and that Hudson conveyed information it received from CWMF in good faith and without knowledge of any falsity of CWMF's representation. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the following allegations contained in this paragraph pertaining to Cloth: "Cloth continued to provide Plaintiffs with assurances repayment. For example, on August 16, 2019, Cloth told Bayshore that 'the loan is not in jeopardy of not being repaid.'"

153.    Defendants admit allegations contained in paragraph 153 of the Complaint concerning Conover, and state that Conover conveyed information he received from CWMF in good faith and without knowledge of any falsity of CWMF's representation. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning CWMF.

154.    Defendants decline to respond to the allegations contained in paragraph 154 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

155.    Defendants decline to respond to the allegations contained in paragraph 155 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants admit that Conover advised that CWMF would make $100 million in profit from its unrelated investment in "The Joker," deny the remaining allegations contained in this paragraph of the Complaint, and respectfully refer the Court to the public domain, the contents of which

speak for themselves. Defendants further admit that Conover conveyed the above information that he received from CWMF in good faith and without knowledge of any falsity of CWMF's representation. Defendants further state that Plaintiffs are not entitled to any relief in this action.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint concerning Hudson, except admit that Hudson provided reporting regarding the Lionsgate Slate and that this information was conveyed it to it by CWMF. Defendants further admit that Hudson conveyed information it received from CWMF in good faith and without knowledge of any falsity of CWMF's representation. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained pertaining to CWMF.

157.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the Complaint.

### The Nightingale

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint, except admit that in 2018, Hudson and Plaintiffs discussed Plaintiffs financing the film called "The Nightingale" ("Nightingale") in the amount of $3.5 million.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint pertaining to Hudson and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves. Defendants further deny knowledge and information

sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph pertaining to CWMF.

162.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

164.    Defendants admit that Plaintiffs provided an image of an email, the contents of which speak for themselves.

165.    Defendants decline to respond to the allegations contained in paragraph 165 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

166.    Defendants deny the allegations contained in paragraph 166 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

167.    Defendants deny the allegations contained in paragraph 167 of the Complaint concerning Hudson and Conover, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph pertaining to Cloth, Gilbert, the BRON and CWMF Defendants.

168.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 168 of the Complaint.

169.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 169 of the Complaint.

170.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 170 of the Complaint.

171.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 171 of the Complaint.

172.     Defendants deny the allegations contained in paragraph 172 of the Complaint, except admit that Bayshore entered into the Nightingale Term Sheet, and respectfully refer the Court to the reference document, the contents of which speak for themselves.

173.     Defendants deny the allegations contained in paragraph 173 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

174.     Defendants deny the allegations contained in paragraph 174 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

175.     Defendants deny the allegations contained in paragraph 175 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

176.     Defendants deny the allegations contained in paragraph 176 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

177.    Defendants deny the allegations contained in paragraph 177 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

178.    Defendants admit that RTR entered into a separate term sheet with BRON Creative and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 178 of the Complaint. Defendants respectfully refer to the referenced document, the contents of which speak for themselves.

179.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 179 of the Complaint.

180.    Defendants deny the allegations contained in paragraph 180 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

181.    Defendants deny the allegations contained in paragraph 181 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

182.    Defendants deny the allegations contained in paragraph 182 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

183.    Defendants deny each and every allegation contained in paragraph 183 of the Complaint concerning Hudson and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to CWMF.

184.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 184 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

185.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 185 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

186.     Defendants deny the allegations contained in paragraph 186 of the Complaint concerning Hudson and Conover, except admit that Plaintiffs sought payment and that the information Plaintiffs sought regarding payment and the status of the distribution agreements was in the possession of the BRON and Creative Wealth Defendants. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning CWMF, BRON Studios, BRON Creative, Cloth and Gilbert.

187.     Defendants deny the allegations contained in paragraph 187 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

188.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Complaint.

**E.  Defendants Continue To Falsely Promise Repayment**

189.     Defendants decline to respond to the allegations contained in paragraph 189 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

190.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 190 of the Complaint.

191.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Complaint.

192.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Complaint.

193.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Complaint and respectfully refer the Court to the document referenced therein, the contents of which speak for themselves.

194.    Defendants decline to respond to the allegations contained in paragraph 194 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

195.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the Complaint.

196.    Defendants decline to respond to the allegations contained in paragraph 196 of the Complaint on the grounds that Plaintiffs' causes of action for violations under the RICO act have been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in this paragraph. Defendants further state that Plaintiffs are not entitled to any relief in this action.

**FIRST CAUSE OF ACTION**
**Civil RICO, 18 U.S.C. § 1962(c)**
**(Against all Defendants)**

197.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

198.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 198 of the Complaint.

199.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 199 of the Complaint.

200.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 200 of the Complaint.

201.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 201 of the Complaint.

202.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 202 of the Complaint.

203.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 203 of the Complaint.

204.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 204 of the Complaint.

205.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 205 of the Complaint.

206.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 206 of the Complaint.

207.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 207 of the Complaint.

208.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 208 of the Complaint.

209.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 209 of the Complaint.

210.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 210 of the Complaint.

211.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 211 of the Complaint.

212.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 212 of the Complaint.

213.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 213 of the Complaint.

214.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 214 of the Complaint.

215.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 215 of the Complaint.

216.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 216 of the Complaint.

217.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 217 of the Complaint.

218.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 218 of the Complaint.

219.     This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 219 of the Complaint.

220.     This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 220 of the Complaint.

221.     This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 221 of the Complaint.

222.     This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 222 of the Complaint.

223.     This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 223 of the Complaint.

## SECOND CAUSE OF ACTION
### Civil RICO Conspiracy, 18 U.S.C. § 1962(d)
### (Against all Defendants)

224.     Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

225.     This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 225 of the Complaint.

226.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 226 of the Complaint.

227.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 227 of the Complaint.

228.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 228 of the Complaint.

## THIRD CAUSE OF ACTION
### Fraud
### (Against all Defendants)

229.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

230.    Defendants deny the allegations contained in paragraph 230 of the Complaint. Defendants further state that this cause of action as against Jonas, the BRON Studios, BRON Creative, CWMF, Gilbert and Cloth have been dismissed.

231.    Defendants deny the allegations contained in paragraph 231 of the Complaint. Defendants further state that this cause of action as against Jonas, the BRON Studios, BRON Creative, CWMF, Gilbert and Cloth have been dismissed.

232.    Defendants deny the allegations contained in paragraph 232 of the Complaint. Defendants further state that this cause of action as against Jonas, the BRON Studios, BRON Creative, CWMF, Gilbert and Cloth have been dismissed.

233.    Defendants deny the allegations contained in paragraph 233 of the Complaint. Defendants further state that this cause of action as against Jonas, the BRON Studios, BRON Creative, CWMF, Gilbert and Cloth have been dismissed.

234.    Defendants deny the allegations contained in paragraph 234 of the Complaint. Defendants further state that this cause of action as against Jonas, the BRON Studios, BRON Creative, CWMF, Gilbert and Cloth have been dismissed.

## FOURTH CAUSE OF ACTION
### Aiding and Abetting Fraud
### (In the alternative against BRON Studios, Inc., BRON Studios USA Inc., and Gilbert)

235.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

236.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 236 of the Complaint.

237.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 237 of the Complaint.

238.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 238 of the Complaint.

239.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 239 of the Complaint.

240.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 240 of the Complaint.

### FIFTH CAUSE OF ACTION
**Breach of Contract - Needle**
**(Against CWMF and BRON Studios)**

241.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

242.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 242 of the Complaint.

243.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 243 of the Complaint.

244.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 244 of the Complaint.

245.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 245 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Breach of Contract – Lionsgate Slate**
**(Against CWMF, BRON Creative, and BRON Studios)**

246.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

247.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 247 of the Complaint.

248.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 248 of the Complaint.

249.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 249 of the Complaint.

250.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 250 of the Complaint.

## SEVENTH CAUSE OF ACTION
### Breach of Contract – Nightingale
### (Against BRON Creative)

251.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

252.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 252 of the Complaint.

253.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 253 of the Complaint.

254.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 254 of the Complaint.

255.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 255 of the Complaint.

## EIGHTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing – Needle
### (Against CWMF and BRON Studios)

256.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

257.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 257 of the Complaint.

258.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 258 of the Complaint.

259.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 259 of the Complaint.

260.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 260 of the Complaint.

261.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 261 of the Complaint.

262.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 262 of the Complaint.

### **NINTH CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing – Lionsgate Slate**
**(Against CWMF, BRON Creative, and BRON Studios)**

263.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

264.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 264 of the Complaint.

265.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 265 of the Complaint.

266.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 266 of the Complaint.

267.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 267 of the Complaint.

268.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 268 of the Complaint.

269.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 269 of the Complaint.

## **TENTH CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing – Nightingale**
**(Against BRON Creative)**

270.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

271.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 271 of the Complaint.

272.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 272 of the Complaint.

273.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 273 of the Complaint.

274.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 274 of the Complaint.

275.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 275 of the Complaint.

276.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 276 of the Complaint.

### ELEVENTH CAUSE OF ACTION
**Breach of Contract**
**(Against Hudson)**

277.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

278.    Defendants deny the allegations contained in paragraph 278 of the Complaint.

279.    Defendants deny the allegations contained in paragraph 279 of the Complaint.

280.    Defendants deny the allegations contained in paragraph 280 of the Complaint.

281.    Defendants deny the allegations contained in paragraph 281 of the Complaint.

**TWELFTH CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing**
**(Against Hudson)**

282.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

283.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 283 of the Complaint.

284.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 284 of the Complaint.

285.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 285 of the Complaint.

286.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 286 of the Complaint.

287.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 287 of the Complaint.

288.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 288 of the Complaint.

**THIRTEENTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Against all Defendants)**

289.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

290.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 290 of the Complaint.

291.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 291 of the Complaint.

292.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 292 of the Complaint.

**FOURTEENTH CAUSE OF ACTION**
**Accounting**
**(Against CWMF, BRON Creative, and BRON Studios)**

293.    Defendants repeat and incorporate herein their responses above as if fully set forth and realleged herein.

294.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 294 of the Complaint.

295.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 295 of the Complaint.

296.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 296 of the Complaint.

297.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 297 of the Complaint.

298.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 298 of the Complaint.

299.    This cause of action has been dismissed such that no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 299 of the Complaint.

300.    Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Causes of Action have been dismissed, such that Plaintiffs are not entitled to any relief. Although Plaintiffs Third Cause of Action, as against Conover and Hudson, and Eleventh Cause of Action has not been dismissed, Defendants assert that Plaintiffs are not entitled to any of the relief from Defendants as sought in subparagraphs (c) and (k).

## **AFFIRMATIVE DEFENSES**

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs suffer any loss or other damages, the loss or other damages were not caused by Defendants Hudson or Conover but rather were caused by CWMF, BRON Creative, BRON Studios, Cloth, and/or Gilbert.

## RESERVATION OF RIGHTS

Defendants reserve their right to assert additional affirmative defenses, including, but not limited to, based on information and evidence disclosed in discovery.


Dated: New York, New York
      May 3, 2023

**MEISTER SEELIG & FEIN PLLC**

By:    /s/ Kevin Fritz            
          Kevin Fritz, Esq.
          Eva Sullivan, Esq.
          125 Park Avenue, 7th Floor
          New York, NY 10017
          (212) 655-3500
          Email: kaf@msf-law.com
                   ems@msf-law.com

          *Attorneys for the Hudson Defendants*